### JONES LEATHER CO. v. WOODY.

No. 2802.   Opinion Filed June 19, 1913.

(133 Pac. 201.)

**APPEAL AND ERROR—Dissolution of Attachment—Evidence.** Where plaintiff attaches certain chattels of defendant on the ground that defendant had sold or was about to sell all or a portion of his property for the purpose of defrauding his creditors, and on the further ground that he had violated the bulk sale statutes, and defendant moves to dissolve the attachment on the ground that the allegations in the attachment affidavit are false, and the court upon conflicting testimony decides that such allegations are false, and dissolves the attachment, such order will not be disturbed on appeal, where it is fairly supported by the evidence, or where the record fails to contain all the evidence.

(Syllabus by Harrison, C.)

*Error from County Court, Oklahoma County;*
*John W. Hayson, Judge.*

Action by the Jones Leather Company against J. L. Woody on an account. Judgment sustaining defendant's motion to dissolve attachment, and plaintiff brings error. Affirmed.

*R. N. McConnell,* for plaintiff in error.
*Munden & Horton,* for defendant in error.

Opinion by HARRISON, C. This action was begun May 26, 1911, by Jones Leather Company against J. L. Woody for the sum of $337.28 alleged to be due on an account. Simultaneously with the filing of the suit plaintiff procured an order of attachment and attached defendant's property upon the grounds that defendant was about to convert his property into money for the purpose of placing it beyond the reach of his creditors and that he had disposed of a portion of his property with the intent to hinder, delay, and defraud his creditors. Defendant moved to dissolve the attachment, alleging that the alleged grounds for attachment did not exist and that the statements made in the affidavit for attachment were false. On June 1st, a hearing was had on the motion to dissolve the attachment, at which testimony was submitted by defendant in support of the motion to dissolve, and by the plaintiff in support of the attachment. At the conclusion of the testimony the court took the question under consideration and on June 3d sustained the motion and discharged the attachment. Whereupon plaintiff appealed to this court upon three assignments of error, to wit: First, that the order of the court discharging the attachment is contrary to the law under the evidence; second, the court erred in discharging the attachment, because the evidence conclusively shows that the defendant had assigned, removed, and disposed of a part of his property with intent to injure, delay, and defraud his creditors; third, because the evidence shows that the defendant had disposed of a portion of his stock of merchandise without complying with the laws of Oklahoma relating to the sale of merchandise in

bulk, and such sale and disposition presumes the intention to hinder, delay, and defraud creditors.

The record discloses that the question of violation of the bulk sale law and the truth of the statements made in the attachment affidavit were issues tried and determined by the court below upon testimony decidedly conflicting in its tendencies, and from an examination of same we cannot say as a matter of law the court erred. The record does not contain all the evidence. It contains the following recital: "The foregoing was all the evidence offered," which defendant in error contends is insufficient. However, it is not necessary to decide whether such recital is sufficient or not, as the record shows upon its face either that it does not contain all the evidence or that the record itself does not speak the truth. It shows that certain checks and vouchers and a certain written contract of sale were introduced in evidence, none of which are in the record. It also shows that this contract became lost or misplaced, and that there was a conflict in the testimony as to whether such written contract was the result of the conspiracy on the part of plaintiff to procure a purported contract of sale in order to base attachment proceedings thereon. It further shows a conflict in the testimony on the question whether the goods alleged to have been contracted for sale were any part of the mercantile business in which defendant was engaged and against which he had contracted the debt sued on, or whether it was other property separate and distinct from the mercantile business. It also shows a conflict in the testimony as to whether defendant was contracting a sale for a portion of his property in order to obtain money with which to pay off all his indebtedness, and shows that within a few months next prior to the attachment proceedings he had diminished his indebtedness from about $1,700 to $700.

The court heard all this conflicting testimony and adjudged its weight, and if there were no other evidence than is contained in the record we should not feel justified in dis-

turbing the judgment, and we feel less justified in doing so when the record shows on its face that it does not contain all the evidence, and as we find no error of law, and that the judgment of the court was based upon conflicting testimony, following the well-established rule of this court, the judgment should be affirmed.

By the Court: It is so ordered.